UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD S. DIENER,<br><br>    Plaintiff,<br>vs.<br><br>AMERICAN AIRLINES, INC.,<br>GATE GOURMET, INC., GATE GROUP, SKY CHEFS, INC., LSG SKY CHEFS, LSG GROUP, and DOES 1-20,<br><br>    Defendants. | Civil Action No.: 21-cv-04006 (EK)(RML)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

  Defendants, SKY CHEFS, INC. d/b/a LSG SKY CHEFS, by their attorneys, Elsasser Law Group, P.C., answer Plaintiff's Complaint ("Complaint"), upon information and belief, as follows:

**PARTIES AND VENUE**

  1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

  2. Deny the allegations contained in paragraph 2 of the Complaint.

  3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

  4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

  5. Deny the allegations contained in paragraph 5 of the Complaint.

  6. Deny the allegations contained in paragraph 6 of the Complaint.

  7. Deny the allegations contained in paragraph 7 of the Complaint.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.     Paragraph 9 does not contain any allegations against the answering Defendants, and therefore, no response is necessary. To the extent that paragraph 9 contains any allegations, answering Defendants deny knowledge or information sufficient to form a belief as to the truth of such allegations.

10.    Deny the allegations contained in paragraph 10 of the Complaint.

### ANSWERING LOCATION OF THE INCIDENT

11.    Deny the allegations contained in paragraph 11 of the Complaint.

### ANSWERING FACTS COMMON TO ALL CAUSES OF ACTION

12.    Defendants deny the allegations contained in paragraph 12 of the Complaint except admit that on or about the date of the incident, Sky Chefs, Inc. provided certain catering services to American Airlines.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

**ANSWERING FIRST CAUSE ACTION – STRICT PRODUCTS LIABILITY**

20. Answering paragraph 20 of the Complaint, Defendants repeat, reiterate and reallege each and every response in paragraphs 1 through 19 of this Answer as if set forth fully herein.

21. Deny the allegations in paragraph 21 of the Complaint.

22. Deny the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint.

**ANSWERING SECOND CAUSE OF ACTION – BREACH OF WARRANTY**

26. Answering paragraph 26 of the Complaint, Defendants repeat, reiterate and reallege each and every response in paragraphs 1 through 25 of this Answer as if set forth fully herein.

27. Deny the allegations in paragraph 27 of the Complaint.

28. Deny the allegations in paragraph 28 of the Complaint.

29. Deny the allegations in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint.

### ANSWERING THIRD CAUSE OF ACTION - NEGLIGENCE

31. Answering paragraph 31 of the Complaint, Defendants repeat, reiterate and reallege each and every response in paragraphs 1 through 30 of this Answer as if set forth fully herein.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations in paragraph 33 of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint.

### ANSWERING FOURTH CAUSE OF ACTION– COMMON CARRIER LIABILITY

35. Answering paragraph 35 of the Complaint, Defendants repeat, reiterate and reallege each and every response in paragraphs 1 through 34 of this Answer as if set forth fully herein.

36. Paragraphs 36 through 41 of the Complaint are not directed to Sky Chefs, Inc. or LSG Sky Chefs and therefore no response is necessary. To the extent any allegations in paragraphs 36 through 41 are directed to the answering Defendants, the allegations are denied.

### FIRST AFFIRMATIVE DEFENSE

37. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred because no acts or omissions of Defendants proximately caused any damages allegedly sustained by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred, in whole or in part, by reason of Plaintiff's negligence, carelessness, assumption of risk and/or other culpable conduct which caused or contributed to the alleged injuries.

## FOURTH AFFIRMATIVE DEFENSE

40. If Plaintiff is entitled to recover against Defendants by reason of alleged negligence, which is denied, then the amount of damages otherwise recoverable by Plaintiff shall be diminished in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damages in accordance with CPLR Article 14-A.

## FIFTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred due to lack of privity with the answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE

42. Any injuries or damages sustained by Plaintiff were caused, in whole or in part, by the negligence or culpable conduct of third parties over which Defendants had no control or right to exercise control, and for which Defendants bear no responsibility, and therefore, in the event Defendants are found liable to Plaintiff, which liability is expressly denied, Defendants will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

43. Any liability on the part of Defendants, which is denied, is limited by operation of Article 16 of the CPLR, and in accordance with CPLR 1601, liability for non-economic loss is limited to Defendants' equitable share, if any, of the total liability for non-economic loss.

## EIGHTH AFFIRMATIVE DEFENSE

44. Plaintiff has failed to plead and/or does not fall within an exception to Article 16 of the CPLR.

### NINTH AFFIRMATIVE DEFENSE

45. Any state law standards of care governing liability are pre-empted or limited by operation of federal law, rules and/or regulations, including, but not limited to, the Federal Aviation Act of 1958, 49 U.S.C. § 40101, *et seq.*

### TENTH AFFIRMATIVE DEFENSE

46. In accordance with CPLR 4545, any verdict or judgment recovered by Plaintiff must be reduced by those amounts which have been or with reasonable certainty will be paid to replace or indemnify plaintiff in whole or in part for any past or future cost or expense from any collateral source including, but not limited to, insurance, social security, disability, workers' compensation or employee benefit programs.

### ELEVENTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred because the Defendants' conduct conformed with all applicable governmental regulations and industry standards.

### TWELFTH AFFIRMATIVE DEFENSE

48. Upon information and belief, any injuries or damages allegedly suffered by Plaintiff were the direct and proximate result of intervening, superseding causes over which Defendants had no control and which broke any causal connection between Defendants' conduct and Plaintiff's alleged injuries.

### THIRTEENTH AFFIRMATIVE DEFENSE

49. Plaintiff failed to mitigate or otherwise act to lessen or diminish his alleged damages.

WHEREFORE, Defendants Sky Chefs, Inc. d/b/a LSG Sky Chefs demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: New York, NY
       August 12, 2021

                                                  ELSASSER LAW GROUP, PC

                                                  By:/s/Deborah A. Elsasser
                                                  Deborah A. Elsasser
                                                  1556 Third Avenue, Suite 201B
                                                  New York, NY  10128
                                                  (347) 815-7626
                                                  delsasser@elglawnyc.com

                                                  *Attorneys for Defendants*
                                                  *Sky Chefs, Inc. d/b/a LSG Sky Chefs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August 2021, I served the within Answer and Affirmative Defenses on counsel for Plaintiff, by email as follows: mgeragos@czrlaw.com and Robert@czrlaw.com, and by First Class Mail, USPS, at the following address designated by Plaintiff's counsel for service of legal papers in this matter:

> Michael Geragos, Esq.
> Robert Ounjian, Esq.
> Carpenter, Zuckerman & Rowley
> 8827 W. Olympic Blvd.
> Beverley Hills, CA 90211

s/Deborah A. Elsasser
Deborah A. Elsasser

Dated: New York, NY
August 12, 2021